# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KATHERINE R. WARREN**  PETITIONER
**ADC #714772**

V.  CASE NO. 4:21-CV-293-BSM-BD

**STATE OF ARKANSAS**  RESPONDENT

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Petitioner Katherine R. Warren may file objections if she disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Ms. Warren does not file objections, she risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.  Discussion:**

Ms. Warren is serving a sentence in the Arkansas Department of Correction (ADC) after pleading guilty in Desha County Circuit Court to first-degree murder.[1] On April 12, 2021, Ms. Warren filed a *pro se* petition that was docketed as a writ of habeas

---

[1] See Arkansas Judiciary Website, Docket Search, http://caseinfor.aoc.arkansas.gov; *State v. Warren*, 21ACR-15-56, Plea (Feb. 27, 2017).

corpus under 28 U.S.C. § 2254. (Doc. No. 2)

By Order issued on April 16, 2021, the Court alerted Ms. Warren of critical deficiencies in the petition. (Doc. No. 4) Not only was Ms. Warren's petition directed to the Desha County Circuit Court, but also, it purported to seek relief under Arkansas habeas corpus statutes. (Doc. No. 2). Additionally, both Ms. Warren's motion to proceed *in forma pauperis* and her motion for court-appointed counsel were directed to the Desha County Circuit Court. (Doc. Nos. 1 & 3).

Due to these deficiencies, the Court directed Ms. Warren to address the filing fee requirement and to file an amended petition, stating how her current custody violates the United States Constitution or laws of the United States.

Ms. Warren paid the $5 filing fee (Doc. No. 5); but she has not filed an amended petition as directed.[2] The time allowed for amending the petition has expired.

### III. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Ms. Warren has made a substantial showing that she was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Ms. Warren has not provided a basis for the

---

[2] Ms. Warren filed a Notice with the Court. (Doc. No. 6). The Notice is not an Amended Petition. She explains that the document was intended as Exhibit C referenced in her original state petition. (Doc. 2 at 11).

2

Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.    Conclusion:**

Ms. Warren's habeas corpus petition (Doc. No. 2) should be dismissed, without prejudice, for failure to comply with the Court's April 16 Order requiring her to amend her petition. Ms. Warren's motion to proceed IFP and motion for counsel (Doc. Nos. 1 & 3) should be denied, as moot.

DATED this 19th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE